IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STEPHANIE ARELLY PINON, and ) <br> NORMAN CHRISTOPHER TORRES, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> BERNALILLO COUNTY SHERIFF'S ) <br> DEPUTY PAUL WATKINS, ) <br> in his individual and official capacities; and ) <br> BERNALILLO COUNTY SHERIFF ) <br> DAN HOUSTON, ) <br> in his municipal, supervisory and policymaking ) <br> capacities, ) <br> ) <br> **Defendants.** ) | No. 12-cv-0209 RB/RHS |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion for Default Judgment Against Paul Watkins in his Individual and Official Capacities, and Defendant Dan Houston, in his Municipal, Supervisory and Policymaking Capacities, and Memorandum in Support, (doc. 4), filed on April 25, 2012. Briefing on the matter is complete. Having considered the submissions of counsel, the record, and relevant law, the Court denies Plaintiffs' Motion for Default Judgment.

**I. Background**

Plaintiffs filed their Complaint for Damages for Constitutional Deprivations and State Torts on March 1, 2012. (Doc. 1). Defendants Dan Houston and Paul Watkins received a summons on March 6, 2012, and March 27, 2012, respectively. (Docs. 8 & 9). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendants were required to file a responsive

pleading within twenty-one days of receiving notice of the pending claims. Defendants failed to file a responsive pleading within the time limits prescribed by Fed. R. Civ. P. 12(a). In response to this failure, on April 25, 2012, Plaintiffs filed their Motion for Default Judgment Against Paul Watkins in his Individual and Official Capacities, and Defendant Dan Houston, in his Municipal, Supervisory and Policymaking Capacities, and Memorandum in Support (Motion for Default Judgment). (Doc. 4). Defendants filed their Answer to Complaint for Damages for Constitutional Deprivations and State Torts on April 26, 2012. (Doc. 10).

Defendants acknowledge that their Answer is untimely, but contend that Defendants' untimeliness stems from their counsel's inability to make contact with Defendant Paul Watkins, thereby preventing counsel from knowing when Paul Watkins had been served, which in turn prevented counsel from learning when responsive pleadings were due. (Doc. 12).

**II. Discussion**

Federal Rule of Civil Procedure 55 requires a two-step process for a party seeking default judgment in its favor. *See Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995). Rule 55(a) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Only after the clerk enters default may a party move the court for default judgment. *See Rowley v. Morant,* 276 F.R.D. 669, 670 (D.N.M. 2011); *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007); *See also Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir. 1981) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request."). In the present case, the clerk has

not filed an entry of default, a prerequisite of moving the court for a default judgment.

Regardless of procedural deficiencies, Plaintiffs' motion for default judgment must be denied. Default judgments are historically disfavored by courts. *See* 10 Matthew Bender, Moore's Federal Practice § 55.02 (3d ed. 1997). Courts disfavor default judgments because "the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting Inc.,* 715 F.2d 1442, 1444 (10th Cir. 1983). Because strong policies favor adjudication on the merits of a claim, default judgment must be "viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* The decision whether to enter a default judgment is ultimately at the Court's discretion. *Dennis Garberg & Assocs., Inc v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir. 1997).

Defendants' failure to answer Plaintiffs' complaint in a timely manner was inadvertent. The Court accepts Defendants' explanation that because counsel could not make contact with Defendant Paul Watkins, and therefore did not know the date he was served, counsel was unaware of the deadline for responsive pleadings under Rule 12. Once Plaintiffs filed the returned, executed summons with the Court on April 26, 2012 (docs. 8-9), Defendants' counsel became aware of their tardiness and promptly filed an answer to Plaintiffs' complaint on the same day. (Doc. 10). The adversary process was not halted due to Defendants' modest delay in filing an answer. After being made aware of their untimeliness, Defendants have been responsive and vigorous in their defense of this case. Considering these circumstances, the Court declines to issue a default judgment.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Default Judgment Against Paul Watkins in his Individual and Official Capacities, and Defendant Dan Houston, in his Municipal, Supervisory and Policymaking Capacities, and Memorandum in Support (Doc. 4), filed on April 25, 2012, is **denied**.

                                                 **ROBERT C. BRACK**
                                                 **UNITED STATES DISTRICT JUDGE**